Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343
F: 866-219-8344

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429
F: 866-219-8344

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| YRASEMA ORTIZ,<br><br>        Plaintiff,<br><br>vs.<br><br><br>NAVY FEDERAL CREDIT UNION,<br><br>        Defendant. | Case No.: **'20CV124  W    RBB**<br><br>COMPLAINT FOR DAMAGES<br><br>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ.<br><br>VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE 1788 ET. SEQ.<br><br>JURY TRIAL DEMAND |

## INTRODUCTION

1.   Yrasema Ortiz ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Navy Federal Credit Union ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, in negligently, and/or willfully violating privacy and debt collection laws. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

### JURISDICTION AND VENUE

2.   Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq* ("TCPA").

3.   Supplemental jurisdiction exists for violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq* ("RFDCPA") pursuant to 28 U.S.C. § 1367.

4.   Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

///
///

Complaint for Damages

**PARTIES**

5.    Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ Code § 1788.2(g).  Plaintiff is also a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" under Cal. Civ Code § 1788.2(h).

6.    Defendant is, and at all times mentioned herein was a Credit Union with its principal place of business located in Virginia.  Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County and City of San Diego, within this judicial district.  It is, and at all times mentioned herein was, a "person," as defined by Cal. Civ. Code § 1788.2(g).  It operates as a collection company and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS**

7.    Plaintiff allegedly incurred an unpaid financial obligation for a personal "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.    Since then, Defendant has attempted to collect on the alleged debt through various forms of communication, including phone calls to Defendant's workplace, phone calls and text messages to Plaintiff's cellular telephone, and emails to Plaintiff.

9.    Plaintiff expressly told Defendant to stop calling and to stop the harassment. However, Defendant continued to call Plaintiff incessantly at work and at other inconvenient times.

10.   On December 14, 2018, Plaintiff faxed a letter to Defendant titled, "Cease communication" in which Plaintiff requested Defendant to cease communications regarding her account through phone calls to her cell, her home and her work.

Complaint for Damages

11. Plaintiff also submitted a message on Defendants app instructing Defendant to Cease all commication with her.

12. In response to the message, Defndant indicated it would continue to harass Plaintiff by calling any number it had for her including her work number until she paid them.

13. When Plaintiff could not afford to pay Defendant, Defendant continued to place calls to her at work as it threatened, and to call and send text messages to Plaintiff's cellular telephone.

14. Defendant repeatedly called Plaintiff at her place of employment, despite Plaintiff's request to stop calling her work telephone, where her colleagues could hear the debt collection calls.

15. When Defendant called Plaintiff's employer attempting to collect the alleged debt, Plaintiff's colleagues could hear the contents of the messages it left for Plaintiff.

16. Plaintiff was injured because her privacy rights were infringed upon in the form of harassment by Defendant. Defendant also caused Plaintiff's colleagues to learn of her debt.

17. As a direct and proximate result of Defendant's unfair, unlawful, oppressive, and abusive collection practices, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over Defendant's unlawful collection efforts even upon Plaintiff expressly requesting Defendant to cease communication with her at work.

18. Defendant illegally threatened to continue to call Plaintiff at her job if she did not pay, knowing the repurcussions for Plaintiff and how she feared them. When Plaintiff could not pay, Defendant followed through with its threats and continued to call her employer.

19. Defendant has permanently damaged Plaintiff's entire carrer causing hundreds of thousands of dollars in damages to her over the course of the next ten or twenty years. Plaintiff is not respected at work. Her co-workers and superiors now belive

4

1  she is irresponsible and she expects to be passed over for promotions as a result
2  of Defendant's unlawful practices.

3  20.  Defendant has been calling Plaintiff's cell phone and sending her text messages,
4  multiple times per week for an extended period of time after she told Defendant
5  to stop.  The calls and texts were very frequent and were made with the intent to
6  annoy, abuse and harass Plaintiff, which was the result.

7  21.  Plaintiff intends to obtain the outbound dial list and account notes from Defendant
8  in discovery to ascertain the true number of calls Defendant has placed to
9  Defendant.

10  22.  Defendant initiated calls to Plaintiff's cellular telephone utilizing an artificial or
11  prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

12  23.  Defendant's calls to Plaintiff were made with an "automatic telephone dialing
13  system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).  This ATDS has the
14  capacity to store or produce telephone numbers to be called, using a random or
15  sequential number generator without human intervention.

16  24.  The telephone number Defendant and/or its agents called was assigned to a
17  cellular telephone service in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

18  25.  These telephone calls constituted calls that were not for emergency purposes as
19  defined by 47 U.S.C. § 227 (b)(1)(A).

20  26.  These telephone calls made by Defendant and/or its agents violated 47 U.S.C. §
21  227(b)(1)(A)(iii).

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**
**47 U.S.C. § 227 ET SEQ.**

22
23  27.  In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §
24  227 (TCPA),[1] in response to a growing number of consumer complaints regarding
25  certain telemarketing practices.
26

27
28  [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat.
2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the
Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

Complaint for Damages

28.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers". Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

29.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

30.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

32.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

33.    Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

34. Plaintiff is also entitled to an award of attorney fees, costs and interest.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

35. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

39. Plaintiff is also entitled to an award of attorneys' fees, costs and interest.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

40. Plaintiff incorporates by reference the above paragraphs of this complaint.

41. Defendant attempted to collect a debt and, as such, engaged in "debt collection" under Cal. Civ Code § 1788.2(b).

42. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

43. Defendant called Plaintiff at her place of work multiple times, despite Plaintiff revoking consent in violation of Cal. Civ. Code § 1788.12(a).

44. Defendant failed to comply with provisions of 15 U.S.C. § 1692 *et seq* in violation of Cal. Civ. Code § 1788.17.

Complaint for Damages

45.   Plaintiff is entitled to damages as a result of Defendant's violations. Plaintiff is also entitled to an award of attorney fees, costs and interest.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION
FOR NEGLIGENT VIOLATIONS OF
THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 ET SEQ.**

46.   As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

47.   Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

48.   An award of attorney fees and costs to counsel for Plaintiff;

49.   Any other relief the Court may deem just and proper including interest.

**SECOND CAUSE OF ACTION
FOR KNOWING AND/OR WILLFUL VIOLATIONS OF
THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 ET SEQ.**

50.   As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

51.   Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

52.   An award of attorney fees and costs to counsel for Plaintiff;

53.   Any other relief the Court may deem just and proper including interest.

Complaint for Damages

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

54. As a result of Defendant's violations of Cal. Civ. Code § 1788 *et seq*, Plaintiff seeks cumulative actual damages pursuant to Cal. Civ. Code § 1788.30(a);

55. Cumulative statutory damages of $1,000 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b).

56. Cost of litigation and reasonable attorney fees pursuant to Cal. Civ. Code § 1788.30(c);

57. Any other relief the Court may deem just and proper including interest and punitive damages.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date:  January 17, 2020         SWIGART LAW GROUP, APC

By:  *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Attorney for Plaintiff

9

Complaint for Damages